# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOSEPH NARD
ADC #169524                                                                                   PLAINTIFF

v.                              3:24-cv-000170-BSM-JJV

ARKANSAS DEPARTMENT
OF CORRECTIONS, *et al.*                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   DISCUSSION**

Joseph Nard ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.)

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this

review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

Plaintiff's Complaint is a laundry list of difficult to decipher, factually unsupported, and implausible allegations against Defendants Arkansas Department of Corrections and Wellpath. (Doc. 1.) For instance, Plaintiff says Defendants have placed "Communication Devices In My Ears," and attempted to murder him by poisoning his food and water. (*Id.* at 5.) And he claims:

> Since My 'Ears Were Turned On' I've Come Into Power As A Supernatural Being With Rare Vulnerabilities. I've Become Telepathic: Being Anyone Can Feel Thoughts & Intentions & Hear My Thoughts. They Are Able To Feel All Levels Of Physical Sensitivity (Pain & Pleasure) & Emotion, Closing Your Eyes & You Will Experience Me In Full Body. When I'm Asleep You Are Able To Watch My Dreams As Live Videos In Your Mine With Your Eyes Closed. After Being Within Proximity. So Many Fee If Me Consistently You Can 'Attach' Yourself To My Body Causing Me Physical Harm, From Sexual & Physical Assault & Invading My Privacy, Monitoring My Thoughts, Activities, & Actions (Dreams).

(*Id.*) The Complaint continues with additional fanciful assertions. Accordingly, I recommend the case be dismissed without prejudice as frivolous and failing to state a claim upon which relief may be granted. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (explaining "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Neizke v. Williams,* 490 U.S. 319, 325-28 (1989) (claims are frivolous if they are "fanciful," "fantastic," or "delusional"); *Provencio v. Sanders*, No. 4:24-cv-00101-JM, 2024 WL 931355 (E.D. Ark. Feb. 22, 2024), *aff'd,* 2024 WL 4010192 (8th Cir. Apr. 16, 2024) (dismissing prisoner's fanciful and delusional claims as frivolous and as a strike under § 1915(g)).

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Complaint (Doc. 1) be DISMISSED without prejudice as being frivolous and failing to state a claim upon which relief may be granted.

2. In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 30th day of October 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE